IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VLADIMIR CHERNEV | § | |
| # A 249 377 221 | § | |
| | § | |
| V. | § | W-25-CA-255-ADA |
| | § | |
| BRET BRADFORD, et al. | § | |

### ORDER

Before the Court is Petitioner Vladimir Chernev's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1), Chernev's Motion for Release (#5), and Respondents' Response and Notice of Mootness (#6). Chernev is proceeding pro se and has paid the filing fee.

### Background

Chernev, a citizen of Russia, applied for political asylum on June 9, 2024, citing persecution for political reasons in his home country. Memo. (#1-2) at 1. Chernev alleged that he faced threats and repression from the authorities due to his political activities. *Id.* Chernev contends that on November 26, 2024, he was granted asylum. *Id.* On December 23, 2024, however, the United States filed an appeal seeking to overturn the decision. *Id.* On June 9, 2025, Chernev filed a petition in this Court seeking his release. Pet. (#1) at 10-11. As of that filing, Chernev was still awaiting a decision on the appeal and remained in immigration detention. *Id.* However, according to Respondents' Response and Notice of Mootness, on July 16, 2025, Chernev was released from custody to an address in Houston, Texas. Resp (#6) at 1.

## Analysis

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). An "actual controversy must be at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id.* In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

In his petition, Chernev requests release from detention. Chernev is no longer being detained. Because Chernev has been released, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See Spencer*, 523 U.S. at 7. Accordingly, Chernev's claim for relief is moot and his petition is subject to dismissal. *See id.*

## Conclusion

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1) is **DISMISSED** without prejudice as moot.

It is further **ORDERED** that all other pending motions are **DISMISSED** without prejudice as moot and this case is **CLOSED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on August 25, 2025

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3